United States District Court
Southern District of Texas
ENTERED

JAN 24 2006

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ELIAS GARCIA,<br>    Plaintiff,<br><br>v.<br><br>PARKER & COMPANY WORLDWIDE,<br><br>    Defendants. | §<br>§<br>§<br>§   CIVIL ACTION NO. B-05-300<br>§<br>§<br>§<br>§ |

## ORDER & OPINION

BE IT REMEMBERED, that on January 23, 2006, the Court **GRANTED** Plaintiff's Motion to Remand [Dkt. No. 3].

### I. Factual and Procedural Background

This is a contract case resulting from the death of exotic plants valued at thousands of dollars on foreign soil. Plaintiff Elias Garcia and Defendant Parker & Company Worldwide ("Parker") executed a contract for the export of Garcia's plants to the Netherlands. The plants never arrived at their destination. Instead, the cargo was delivered to Belgium where, due to a lack of refrigeration, the plants died. The plants were not insured by either party. The uninsured loss gives rise to this suit including claims for breach of contract; negligence; negligent hiring, entrustment, and supervision; and negligent misrepresentation. Parker is a Texas corporation.

Plaintiff filed suit in County Court at Law No. 2 of the State of Texas, Cameron County on November 23, 2005. Defendant removed the case to this Court [Dkt. No. 1]. Plaintiff filed the instant motion to remand on December 14, 2005 [Dkt. No. 3]. Defendant filed an untimely response on January 4, 2006, one day beyond the twenty days permitted by Chamber Civil Procedure 5D [Dkt. No. 6]. The Court will consider Defendant Parker & Company Worldwide's Response to Plaintiff's Motion to Remand, despite its tardiness, in recognition of Defendant's compliance with Federal Rules of Procedure 6(e) and

5(b)(2)(D). However, the Court admonishes Defendant to comply with Chamber Civil Procedures in future filings.

## II. Original Jurisdiction over Maritime Contract Actions

The United States Constitution grants admiralty jurisdiction to the federal courts. *See* Art. III, § 2, cl.1. The district court shall have original jurisdiction of "any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). When a case involves a maritime contract, admiralty jurisdiction is appropriate. *Norfolk Southern Railway v. Kirby*, 125 S.Ct. 385, 392 (2004). In order to determine whether a case involves a maritime contract, the court must examine "the nature and character of the contract" using a conceptual rather than a spatial approach. *Id.* at 393. The inquiry should focus on whether the principal objective of the contract is maritime commerce. *Id.* at 394.

Defendant has focused its arguments on the analysis of the contract in an attempt to establish the Court's original jurisdiction. Assuming arguendo that Defendant establishes that a maritime contract exists, this fact is inadequate to support removal. Defendant does not address this inadequacy in either the removal petition or the response to the remand motion.

If Plaintiff had filed this action in federal court and the Court had concluded that it involved a maritime contract, the Court would clearly have original jurisdiction based on section 1331(1). However, Plaintiff filed this case in state court originally, and thus, analysis of the removal of the case rather than the analysis of the nature of the contract is appropriate.

## III. Removal

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove any civil action of which the district courts of the United States have original jurisdiction. However, the defendant must meet the requirements for removal set out in section 1441(b). Pursuant to 28 U.S.C. § 1441(b), when the court has federal question jurisdiction "founded on a claim or right

arising under the Constitution, treaties, or laws of the United States," the action shall be removable regardless of the citizenship of the parties. On the other hand, if the court does not have federal question jurisdiction and any of the defendants is a citizen of the state in which the plaintiff brought the suit, the action is not removable. See 28 U.S.C. 1441(b). Therefore, for any action that does not "arise under the Constitution, treaties, and laws of the United States," the defendant must address the citizenship of the defendants and the source of original jurisdiction in order to determine the removability of the action.

Because the defendant, Parker, is a citizen of Texas, this matter is clearly not removable if the claim does not arise under federal law.

## IV. Removal and Maritime and Admiralty Actions

Maritime claims do not "arise under the Constitution, treaties, or laws of the United States" for purposes of removal jurisdiction. *Tennessee Gas Pipeline v. Houston Casualty Ins.*, 87 F.3d 150, 153 (5th Cir. 1996). Therefore, a "maritime claim is not removable under the first sentence of 28 U.S.C. § 1441(b) by falling under the admiralty jurisdiction of the federal courts." *Id.* However, a maritime claim brought in state court may be removed when original jurisdiction is based on something other than admiralty jurisdiction. *Id.* For example, if the claim arose under a federal law such as the Outer Continental Shelf Lands Act, the case could be removed based on federal question jurisdiction under this federal statute. *Id.* at 154. This requirement is the reason that it does not matter whether the a maritime contract exists under the present facts. Regardless of whether Defendant establishes that a maritime contract exists, Defendant has the burden to establish that removal jurisdiction exists. By avoiding any discussion of 1441(b), Defendant has not attempted to establish that removal is proper in this case.

Although Defendant did not identify a federal statute that might provide jurisdiction for the purposes of removal, Plaintiff addressed this potential issue in his motion to remand. Plaintiff did not raise a claim under the Carriage of Goods at Sea Act in the original petition filed in state court. Defendant did not argue at the time of removal that the claim arose under this statute. Neither party has asserted that this case arose under a federal statute either asserted or implied in the original petition.

One district court has held that a case in which goods were transported by water and delivered to the wrong location arose under a federal statute, the Carriage of Goods by Sea Act, based on the allegations in the complaint without mention of the specific statute. *Commonwealth of Puerto Rico v. Sea-Land Service, Inc.*, 349 F. Supp. 964, 968 (D. P.R. 1970). Another district court has found this argument unpersuasive. *See Superior Fish Co. v. Royal Globe Ins.*, 521 F. Supp. 437, 441 (E.D. Penn. 1981)(holding that if the complaint merely stated claims adequate to implicate the Carriage of Goods at Sea Act, removal would still not be proper). In light of the Fifth Circuit's extensive analysis of the jurisdiction for the removal of a maritime claim in *Tennessee Gas*, it is clear that the Defendant has the burden to establish that original jurisdiction arises under a federal statute. *Tennessee Gas*, 125 S.Ct. at 393. Defendant mentioned no federal statute in the removal petition or in the response to remand, and thus, Defendant failed to meet this burden. Therefore, removal is not proper under these facts. The Court **GRANTS** Plaintiff's Motion to Remand [Dkt. No. 3]. The case is remanded to County Court at Law No. 2 of the State of Texas, Cameron County.

The Supreme Court has recognized that "the boundaries of admiralty jurisdiction over contracts . . . have been difficult to draw." *Tennessee Gas*, 125 S.Ct. at 393. Despite Defendant's failure to establish removal jurisdiction, Defendant presented plausible arguments. Therefore, the Court **DENIES** Plaintiff's request for sanctions.

DONE at Brownsville, Texas, this 23th day of January, 2006.

Hilda G. Tagle
United States District Judge